# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| BLAKE MILLSAP,<br><br>                Plaintiff,<br><br>vs.<br><br>NATIONAL ENTERPRISE SYSTEMS,<br><br>                Defendant. | 8:17CV341<br><br>MEMORANDUM<br>AND ORDER |

This matter is before the Court on the Motion for Judgment on the Pleadings, ECF No. 21, filed by Defendant National Enterprise Systems (NES). For the reasons stated below, the Motion will be granted.

## BACKGROUND

The following facts are those alleged in the Complaint, ECF No. 1, Page ID 5, which are assumed true for purposes of the Motion for Judgment on the Pleadings.

Plaintiff Blake Millsap claims NES violated §§ 1692d and 1692f of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.*, by employing abusive and unfair debt collection practices. The factual allegations supporting Millsap's claim are contained in a single paragraph in his Complaint, which states:

> [NES], by and through various agents, is attempting collection against the Plaintiff for a debt more than 8 years old, wherein nothing was done by Plaintiff to toll the statute of limitation [sic] with regard to the matter. Plaintiff had entered into an agreement with EDUCATION FINANCE PARTNERS in 2008 and nothing has been done to collect or pursue that matter until early 2017. Further, Plaintiff has no idea who [NES] is or Navient Solutions, LLC, which suggest that they are the owners of said debt. Neither of which has the Plaintiff ever contracted with nor has the Plaintiff been provided any documentation, just a collection letter and reporting to the credit bureaus which is adversely affecting his credit rating.

Comp. ¶ 3, ECF No. 1, Page ID 5.

NES filed an Answer, ECF No. 7, to the Complaint and now moves for judgment on the pleadings under Fed. R. Civ. P. 12(c) arguing Millsap failed to state a claim upon which relief can be granted.

## STANDARD OF REVIEW

A motion for judgment on the pleadings under Fed. R. Civ. P. 12(c) is reviewed using the same standard that governs a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *NanoMech, Inc. v. Suresh*, 777 F.3d 1020, 1023 (8th Cir. 2015) (citing *McIvor v. Credit Control Servs., Inc.*, 773 F.3d 909, 912-13 (8th Cir. 2014)). Therefore, courts must consider whether the complaint has pled "enough facts to state a claim that is plausible on its face." *NanoMech*, 777 F.3d at 1023 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Zink v. Lombardi*, 783 F.3d 1089, 1098 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 135 S. Ct. 2941 (2015). The complaint's factual allegations must be "sufficient to 'raise a right to relief above the speculative level.'" *McDonough v. Anoka Cty.*, 799 F.3d 931, 946 (8th Cir. 2015) (quoting *Twombly*, 550 U.S. at 555). The Court must accept factual allegations as true, but it is not required to accept any "legal conclusion couched as a factual allegation." *Brown v. Green Tree Servicing LLC*, 820 F.3d 371,

373 (8th Cir. 2016) (quoting *Iqbal*, 556 U.S. at 678). Thus, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 960 (8th Cir. 2015) (quoting *Iqbal*, 556 U.S. at 678), *cert. denied*, 136 S. Ct. 804 (2016).

Courts must rule "on the assumption that all the allegations in the complaint are true," and "a well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" *Twombly*, 550 U.S. at 555 & 556 (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Mickelson v. Cty. of Ramsey*, 823 F.3d 918, 923 (8th Cir. 2016) (alternation in original) (quoting *Iqbal*, 556 U.S. at 679).

## DISCUSSION

The facts alleged in Millsap's Complaint do not state a plausible claim for abusive or unfair debt collection practices under the FDCPA.

The FDCPA "prohibits a debt collector from making a 'false, deceptive or misleading representation or means in connection with the collection of any debt,' . . . and 'from using unfair or unconscionable means in connection with the collection of any debt.'" *Haney v. Profolio Recovery Assocs., L.L.C.*, 837 F.3d 918, 924 (8th Cir. 2016) (quoting *Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 577 (2010) and 15 U.S.C. §§ 1692e, 1692f). With respect to outstanding debts and statutes of limitation, the Eighth Circuit has held that "[i]n the absence of a threat of litigation, no violation of the FDCPA has occurred when a debt collector attempts to collect on a

3

potentially time-barred debt that is otherwise valid." *Nelson v. Midland Credit Mgmt., Inc.*, 828 F.3d 749, 751 (8th Cir. 2016) (quoting *Freyermuth v. Credit Bureau Servs., Inc.*, 248 F.3d 767, 771 (8th Cir. 2001)). "[A] statute of limitations does not eliminate the debt; it merely limits the judicial remedies available." *Freyermuth*, 248 F.3d at 771.

Millsap's Complaint alleged he had a valid, outstanding debt, which was originally owed to EFP. Comp. ¶ 3, ECF No. 1, Page ID 5. It is unclear how Navient Solutions, LLC, and NES acquired Millsap's debt from EFP, but Millsap does not allege they have misrepresented or falsified their ownership of, or rights with respect to, his debt. He alleges only that he "has no idea" who they are, that he never entered into a contract with them, and that he received a debt collection letter from them asserting their ownership of the debt. Thus, Millsap does not allege NES is not the rightful owner, or legitimate debt collector, of his debt. Millsap's only claim is that NES's conduct of sending him a debt collection letter and reporting his debt to credit rating organizations after the applicable statute of limitations had run was abusive and unfair under §§ 1692d and 1692f of the FDCPA. That conduct, however, is not a violation of the FDCPA unless NES threatened litigation, *Nelson*, 828 F.3d at 751, and there is no allegation that NES made such a threat. Therefore, Millsap failed to plead a plausible claim for abusive and unfair debt collection practices under §§ 1692d and 1692f of the FDCPA and the Complaint will be dismissed, with prejudice.

Accordingly,

IT IS ORDERED:

1. The Motion for Judgment on the Pleadings, ECF No. 21, is granted; and
2. The Complaint is dismissed, with prejudice.

Dated this 29th day of March, 2018.

BY THE COURT:

s/Laurie Smith Camp  
Chief United States District Judge